-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARNELL GREEN, 07B0547,

        Petitioner,

                                       DECISION AND ORDER
-v-                                       12-CV-0665Sc

SHEEHAN,

        Respondent.



---

    Petitioner Green submitted this petition pursuant to 28 U.S.C. § 2254 to the Court and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Petitioner, who has now submitted the information directed by the Court (Docket # 4), is granted permission to proceed *in forma pauperis.*

    Petitioner also requests appointment of counsel (Docket # 3). There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards of 18 U.S.C.A. § 3006A and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, because the respondents have yet to be heard on the petition. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

    According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

        (A) the date on which the judgment became final by the conclusion
        of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears to the Court that this petition should be barred under 28 U.S.C. § 2244(d)(1) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. It appears that more than a year has passed since the judgment became final. Petitioner has completed the Court's form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" and indicates that he has a long history of mental health difficulties and mental retardation. However, petitioner has not presented sufficient information for the Court to determine whether the statute of limitations should be tolled.

The Court may equitably toll the § 2244(d) limitations period, but will do so only in "rare and exceptional" circumstances that prevent a petitioner from timely filing. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). A litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted); *Bolarinwa v. Williams*, 593 F.3d 226 (2d Cir. 2010). The AEDPA limitations period will only be tolled in rare and exceptional circumstances **and** where the petitioner

"demonstrate[s] a causal relationship between the extraordinary circumstances ... and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding," *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

The existence of mental illness, alone, does not justify tolling a filing deadline. Determining whether equitable tolling is warranted in a given situation is a "highly case-specific inquiry." *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir.2002) (internal quotation marks omitted). The burden of demonstrating the appropriateness of equitable tolling for mental illness is on the petitioner. In order to carry this burden, he must offer a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). Therefore, in order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that his particular disability constituted an "extraordinary circumstance" severely impairing his ability to comply with the filing deadline, despite his diligent efforts to do so.

Green has not presented more than conclusory factual statements. He bears the burden to establish the appropriateness of equitable tolling. *Boos*, 201 F.3d at 185. Here, as in *Boos*, petitioner's "conclusory and vague claim, without a particularized description of how [his] condition adversely affected [his] capacity to function ... in relationship to the pursuit of [his] rights, is manifestly insufficient to justify any further inquiry into tolling." Id.; see also *Rios v. Mazzuca*, No. 03-2150, 2003 WL 22426961, at *4 (2d Cir. Oct.22, 2003). Nor has Green submitted any evidence to make the required showing that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. If the petitioner could have filed on time despite the extraordinary

circumstances if he had acted with reasonable diligence, equitable tolling is inappropriate. *Valverde*, 224 F.3d at 134.

In order to permit the Court to properly evaluate the issue, petitioner is directed to complete another § 2254 Timeliness Response Form and return it to the Clerk of Court by **September 10, 2012.** Petitioner should be sure to include in the Response specific and detailed information addressing the Court's concerns. Petitioner should be sure to include the specific date when each collateral attack, if any, was filed and when each was finally determined, including the filing and determination dates of any appeals of the collateral attack. Petitioner should also provide the Court with any other information which may be relevant to the Court's determination of the statute of limitations issue.

**Failure to return the properly completed form by September 10, 2012 will result in the dismissal of the petition as an abuse of the writ of habeas corpus.**

IT HEREBY IS ORDERED, that petitioner's request to proceed as a poor person is granted; and

FURTHER, that petitioner is directed to file a response to this order by **September 10, 2012;** and

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: August 8, 2012
Rochester, New York